**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| JOSE SERNA, | ) | NO. SA CV 17-394-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

**PROCEEDINGS**

Plaintiff filed a Complaint on March 7, 2017, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on March 28, 2017. Plaintiff filed a motion for summary judgment on July 7, 2017. Defendant filed a motion for summary judgment on September 6, 2017. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed March 8, 2017.

///
///

**BACKGROUND**

In November of 2012, Plaintiff filed a claim for disability insurance benefits, asserting an inability to work since April 1, 2003, based primarily on alleged back problems (Administrative Record ("A.R.") 16, 240, 274-75). Plaintiff's last insured date was December 31, 2008 (A.R. 18).

An Administrative Law Judge ("ALJ") examined the lengthy record and heard testimony from Plaintiff, a medical expert and a vocational expert (A.R. 16-326, 334-1443). The ALJ found that, as of December 31, 2008, Plaintiff retained the residual functional capacity to perform a reduced range of light work (A.R. 19). Specifically, the ALJ found Plaintiff "could on occasion lift at least 20 pounds, frequently lift and carry up to 10 pounds; could stand and walk for at least 4 hours in an 8-hour day; no limitations in sitting; could occasionally climb, balance, stoop, kneel, crouch; never was able to use ladders, ropes, scaffolds; and never able to crawl" (A.R. 19).

In reliance on the testimony of the vocational expert, the ALJ found that a person with these limitations could perform certain jobs existing in significant numbers (A.R. 24-25, 57-60). The Appeals Council considered additional evidence but denied review (A.R. 1-4).

**SUMMARY OF PLAINTIFF'S ARGUMENT**

Plaintiff argues that the ALJ erred by: (1) discounting the credibility of Plaintiff's subjective complaints; (2) discounting the

opinion of a non-treating, examining physician; (3) allegedly failing properly to consider a "functional capacity evaluation"; (4) allegedly failing properly to consider Plaintiff's asserted lack of English language skills; and (5) crediting the testimony of the vocational expert.

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see also Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

> If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. But the Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [administrative] conclusion.

///

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and quotations omitted).

Where, as here, the Appeals Council considered additional evidence but denied review, the additional evidence becomes part of the record for purposes of the Court's analysis. See Brewes v. Commissioner, 682 F.3d at 1163 ("[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence"; expressly adopting Ramirez v. Shalala, 8 F.3d 1449, 1452 (9th Cir. 1993)); Taylor v. Commissioner, 659 F.3d 1228, 1231 (2011) (courts may consider evidence presented for the first time to the Appeals Council "to determine whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error"); Penny v. Sullivan, 2 F.3d 953, 957 n.7 (9th Cir. 1993) ("the Appeals Council considered this information and it became part of the record we are required to review as a whole"); see generally 20 C.F.R. §§ 404.970(b), 416.1470(b).

**DISCUSSION**

After consideration of the record as a whole, Defendant's motion is granted and Plaintiff's motion is denied. The Administration's findings are supported by substantial evidence and are free from
///
///
///

material[1] legal error.  Plaintiff's contrary arguments are unavailing.

**I.   Substantial Evidence Supports the ALJ's Denial of Benefits.**

In order for Plaintiff to be eligible for disability insurance benefits, Plaintiff must establish that he became disabled prior to the expiration of his insured status.  See 42 U.S.C. § 416(i)(2)(C), 416(i)(3)(A); 20 C.F.R. 404.131; see also Vertigan v. Halter, 260 F.3d 1044, 1047 (9th Cir. 2001); Flaten v. Secretary of Health and Human Services, 44 F.3d 1453, 1458 (9th Cir. 1995) (where claimants apply for benefits after the expiration of their insured status based on a current disability, the claimants "must show that the current disability has existed continuously since some time on or before the date their insured status lapsed").  Substantial medical opinion supports the ALJ's decision that Plaintiff was not disabled at the time Plaintiff's insured status expired.  Dr. Max Matos, Plaintiff's treating physician during the alleged period of disability, then believed Plaintiff could perform light work (A.R. 533).  A treating physician's opinion "is generally afforded the greatest weight in disability cases. . . ."  Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 1991).  Another examining physician expressed the opinion Plaintiff should be precluded only from heavy lifting, prolonged standing and walking and repetitive lifting and kneeling (A.R. 1458). The testifying medical expert believed Plaintiff had a residual

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability.  See Garcia v. Commissioner, 768 F.3d 925, 932-33 (9th Cir. 2014); McLeod v. Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011).

functional capacity greater or equal to the capacity the ALJ found to have existed (A.R. 47-48).  Non-examining state agency physicians expressed similar opinions (A.R. 100, 109, 113).

To the extent any of the medical evidence was in conflict, it was the prerogative of the ALJ to resolve such conflicts.  See Lewis v. Apfel, 236 F.3d 503, 509 (9th Cir. 2001).  When evidence "is susceptible to more than one rational interpretation," the Court must uphold the administrative decision.  See Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995); accord Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).  The Court will uphold the ALJ's rational interpretation of the evidence in the present case notwithstanding any conflicts in the record.

The vocational expert testified that a person with the residual functional capacity the ALJ found to exist could perform jobs existing in significant numbers (A.R. 57-60).  The ALJ properly relied on this testimony in denying disability benefits.  See Barker v. Secretary of Health and Human Services, 882 F.2d 1474, 1478-80 (9th Cir. 1989); Martinez v. Heckler, 807 F.2d 771, 774-75 (9th Cir. 1986).

**II. Plaintiff's Contrary Arguments are Unavailing.**

The Court has considered and rejected each of Plaintiff's arguments.  The Court discusses Plaintiff's principal arguments below.
///
///

### A. Plaintiff's Credibility

The ALJ found Plaintiff's subjective complaints less than fully credible (A.R. 20-24). An ALJ's assessment of a claimant's credibility is entitled to "great weight." Anderson v. Sullivan, 914 F.2d 1121, 1124 (9th Cir. 1990); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985). Where the ALJ finds that the claimant's medically determinable impairments reasonably could be expected to cause some degree of the alleged symptoms of which the claimant subjectively complains, any discounting of the claimant's complaints must be supported by specific, cogent findings. See Berry v. Astrue, 622 F.3d 1228, 1234 (9th Cir. 2010); Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995); but see Smolen v. Chater, 80 F.3d 1273, 1282-84 (9th Cir. 1996) (indicating that ALJ must offer "specific, clear and convincing" reasons to reject a claimant's testimony where there is no evidence of malingering).[2] An ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004) (internal citations and quotations omitted); see

---

[2] In the absence of an ALJ's reliance on evidence of "malingering," most recent Ninth Circuit cases have applied the "clear and convincing" standard. See, e.g., Brown-Hunter v. Colvin, 806 F.3d 487, 488-89 (9th Cir. 2015); Burrell v. Colvin, 775 F.3d 1133, 1136-37 (9th Cir. 2014); Treichler v. Commissioner, 775 F.3d 1090, 1102 (9th Cir. 2014); Ghanim v. Colvin, 763 F.3d 1154, 1163 n.9 (9th Cir. 2014); Garrison v. Colvin, 759 F.3d 995, 1014-15 & n.18 (9th Cir. 2014); see also Ballard v. Apfel, 2000 WL 1899797, at *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting earlier cases). In the present case, the ALJ's findings are sufficient under either standard, so the distinction between the two standards (if any) is academic.

Social Security Ruling 96-7p (explaining how to assess a claimant's credibility), <u>superseded</u>, Social Security Ruling 16-3p (eff. March 28, 2016).[3]  As discussed below, the ALJ stated sufficient reasons for deeming Plaintiff's subjective complaints less than fully credible.

The ALJ appropriately relied on Plaintiff's "treatment history," including his physicians' recommendations of only "conservative" care, in discounting Plaintiff's credibility (A.R. 23).  A review of the record confirms the existence of lengthy periods without treatment and lengthy periods with only conservative treatment.  (<u>See, e.g.,</u> A.R. 532, 614, 638, 753-54).  An unexplained failure to seek significant medical treatment frequently may discredit a claimant's allegations of disabling symptoms.  <u>See</u> <u>Burch v. Barnhart</u>, 400 F.3d 676, 681 (9th Cir. 2005); <u>Batson v. Commissioner</u>, 359 F.3d 1190, 1196 (9th Cir. 2004); <u>Johnson v. Shalala</u>, 60 F.3d 1428, 1434 (9th Cir. 1995); <u>accord</u> <u>Bunnel v. Sullivan</u>, 947 F.2d 341, 346 (9th Cir. 1991); <u>Fair v. Bowen</u>, 885 F.2d 597, 603-604 (9th Cir. 1989); <u>see also</u> <u>Chavez v. Department of Health and Human Serv.</u>, 103 F.3d 849, 853 (9th Cir. 1996) (failure to seek "further treatment" for back injury among specific findings justifying rejection of claimant's excess pain testimony).  Similarly,

---

[3]  Social Security Rulings ("SSRs") are binding on the Administration.  <u>See</u> <u>Terry v. Sullivan</u>, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).  The appropriate analysis in the present case would be substantially the same under either SSR 96-7p or SSR 16-3p.  <u>See</u> <u>R.P. v. Colvin</u>, 2016 WL 7042259, at *9 n.7 (E.D. Cal. Dec. 5, 2016) (observing that only the Seventh Circuit has issued a published decision applying Ruling 16-3p retroactively; also stating that Ruling 16-3p "implemented a change in diction rather than substance") (citations omitted); <u>see also</u> <u>Trevizo v. Berryhill</u>, 2017 WL 4053751, at *9 n.5 (9th Cir. Sept. 14, 2017) (SSR 16-3p "makes clear what our precedent already required").

the conservative nature of a claimant's treatment properly may factor into the evaluation of the claimant's credibility. See Tommasetti v. Astrue, 533 F.3d 1035, 1039-40 (9th Cir. 2008); Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007), cert. denied, 552 U.S. 1141 (2008); Osenbrock v. Apfel, 240 F.3d 1157, 1166 (9th Cir. 2001).

The ALJ also stressed that the objective medical evidence demonstrates that, during the relevant time period, Plaintiff's functional limitations were not as profound as Plaintiff now claims (A.R. 21-24). While a lack of objective medical evidence to corroborate the claimed severity of alleged symptomatology cannot form the "sole" basis for discounting a claimant's credibility, the objective medical evidence is still a relevant factor. See Burch v. Barnhart, 400 F.3d at 680; Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ also correctly observed that Plaintiff's written statements, as well as Plaintiff's oral testimony, occurred years after the relevant time period (A.R. 23). It was not illogical for the ALJ to question whether Plaintiff's purported memory of long ago alleged functional limitations accurately reflected Plaintiff's actual capacity during the relevant time period, particularly given the fact that Plaintiff's purported memory contradicted the opinions of Plaintiff's physicians.

To the extent one or more of the ALJ's stated reasons for discounting Plaintiff's credibility may have been invalid, the Court nevertheless would uphold the ALJ's credibility determination under

the circumstances presented.  See Carmickle v. Commissioner, 533 F.3d 1155, 1162-63 (9th Cir. 2008) (despite the invalidity of one or more of an ALJ's stated reasons, a court properly may uphold the ALJ's credibility determination where sufficient valid reasons have been stated).  In the present case, the ALJ stated sufficient valid reasons to allow this Court to conclude that the ALJ discounted Plaintiff's credibility on permissible grounds.  See Moisa v. Barnhart, 367 F.3d at 885.  The Court therefore defers to the ALJ's credibility determination.  See Lasich v. Astrue, 252 Fed. App'x 823, 825 (9th Cir. 2007) (court will defer to Administration's credibility determination when the proper process is used and proper reasons for the decision are provided); accord Flaten v. Secretary of Health & Human Services, 44 F.3d at 1464.[4]

**B.   Non-Treating Examining Physician**

Plaintiff argues that the ALJ improperly rejected the opinion of Dr. John Godes, a non-treating examining physician.  Unlike other physicians, Dr. Godes opined that, at least in 2013, Plaintiff could stand and walk only two hours out of an eight hour day (A.R. 1165-70).  The ALJ did not err in declining to adopt this particular opinion.  As previously stated, the ALJ properly resolved conflicts in the medical evidence.

---

[4] The Court need not and does not determine herein whether Plaintiff's subjective complaints are credible.  Some evidence suggests that those complaints may be credible.  However, it is for the Administration, and not this Court, to evaluate the credibility of witnesses.  See Magallanes v. Bowen, 881 F.2d 747, 750, 755-56 (9th Cir. 1989).

Where an examining physician's opinion is contradicted by another physician's opinion, as here, some Ninth Circuit authorities suggest that an ALJ may reject the examining physician's opinion only "by providing specific and legitimate reasons that are supported by substantial evidence." Garrison v. Colvin, 759 F.3d at 1012 (citation and footnote omitted); see also Lester v. Chater, 81 F.3d at 830-31. However, at least one Ninth Circuit decision holds that an ALJ need not explicitly detail the reasons for rejecting the contradicted opinion of a non-treating examining physician. See Nyman v. Heckler, 779 F.2d at 531.

In any event, the ALJ stated a specific, legitimate reason for declining to adopt Dr. Godes' opinion. The ALJ properly observed that Dr. Godes' opinion "was given almost five years after the close of the date last insured. . . ." (A.R. 23). Even though Dr. Godes appeared to base his "two hour" opinion on Plaintiff's "lumbar discogenic disease," Dr. Godes phrased this 2013 opinion in the present tense, rather than purporting to render an opinion retrospective to 2008 (A.R. 1165-70). Even if, contrary to the phrasing of his opinion, Dr. Godes intended to opine on Plaintiff's capabilities as of December 31, 2008, the ALJ did not err in discounting the opinion. See Lombardo v. Schweiker, 749 F.2d 565, 567 (9th Cir. 1984) (ALJ properly considered the remoteness of doctor's opinion in weighing the value of that opinion).[5]

---

[5] To the extent the ALJ erred by suggesting Dr. Godes' "two hour" opinion was based on a combination of Plaintiff's lumbar spine impairment and Plaintiff's more recent left knee impairment, any such error was harmless.

C.  **"Functional Capacity Evaluation"**

Plaintiff argues that the ALJ should have discussed and adopted a "Functional Capacity Evaluation" found at pages 640-646 of the Administrative Record. Although the document does not disclose its author, elsewhere in the record Dr. Matos appears to have identified the author as Rhonda Sandoval, a chiropractor (A.R. 528, 640-46).

For several reasons, the ALJ did not materially err by failing to discuss or adopt the "Functional Capacity Evaluation." An ALJ is not required to discuss all evidence presented, and need explain why only significant probative evidence has been rejected. See Howard ex rel Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003); Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984). Compared with the medical evidence in the record from medical doctors, the "Functional Capacity Evaluation" was neither significant nor particularly probative. A chiropractor is not an acceptable medical source under the applicable regulations. See 20 C.F.R. §§ 404.1513(a), (d)(1).[6] Finally, the ALJ did discuss and rely to some extent on the opinions of Dr. Matos (to whom the "Functional Capacity Evaluation") appears to have been directed). As previously indicated, Dr. Matos believed Plaintiff could perform light work during the relevant time period.
///
///
///
///

---

[6] This version of the regulations applies to claims filed before March 27, 2017.

**D. English Language Skills**

Plaintiff argues the ALJ erred by finding that Plaintiff is literate and can communicate in English. Any such error was harmless. The hypothetical question to the vocational expert incorporated Plaintiff's contentions regarding his alleged lack of English proficiency. According to the vocational expert (and the ALJ), a person so limited nevertheless could perform the jobs identified.

Plaintiff appears to suggest that, if Plaintiff lacks English language skills, the sedentary level Grids would compel a conclusion of disability. This argument must be rejected. The ALJ found Plaintiff has a greater than sedentary exertional capacity. For example, the ALJ found that Plaintiff could stand and walk for four hours out of an eight hour day, lift 20 pounds occasionally and lift ten pounds frequently. Where, as here, a claimant's exertional capacity exceeds the sedentary level and falls between the sedentary level and the light level, the sedentary level Grids are inapplicable. See Moore v. Apfel, 216 F.3d 864, 870-71 (9th Cir. 2000); Walker v. Apfel, 197 F.3d 956, 958 (8th Cir. 1999); Brenneman v. Berryhill, 2017 WL 2298510, at *5-6 (W.D. Wash. May 26, 2017); Young v. Colvin, 2016 WL 4520885, at *5 (C.D. Cal. Aug. 29, 2016); Sankhar v. Colvin, 2015 WL 5664285, at *5-7 (D. Or. Sept. 21, 2015). Contrary to Plaintiff's argument, SSR 83-12 confirms that the ALJ acted properly in seeking the assistance of a vocational expert under the circumstances of the present case:

///

///

> In situations where the rules would direct different conclusions, and the individual's exertional limitations are somewhere "in the middle" in terms of the regulatory criteria for exertional ranges of work, more difficult judgments are involved as to the sufficiency of the remaining occupational base to support a conclusion as to disability. Accordingly, VS [vocational specialist or vocational expert] assistance is advisable for these types of cases.

SSR 83-12, 1983 WL 31253, at *2-3.

### E. **Vocational Expert**

Plaintiff appears to argue that the vocational expert did not sufficiently support the expert's testimony regarding the numbers of jobs a person limited to four hours of standing and walking still could perform. Contrary to Plaintiff's argument, "at least in the absence of any contrary evidence, a VE's [vocational expert's] testimony is one type of job information that is regarded as inherently reliable. . . ." Buck v. Berryhill, 2017 WL 3862450, at *7 (9th Cir. Sept. 5, 2017); see Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005) ("A VE's recognized expertise provides the necessary foundation for his or her testimony. Thus, no additional foundation is required"). Plaintiff presented no vocational evidence contrary to the testimony of the vocational expert.

Plaintiff also appears to argue that the vocational expert's testimony conflicted with the Dictionary of Occupational Titles ("D.O.T."). No cognizable conflict existed. "For a difference

between an expert's testimony and the [D.O.T.'s] listings to be fairly characterized as a conflict, it must be obvious or apparent." Gutierrez v. Colvin, 844 F.3d 804, 808 (9th Cir. 2016). There was no "obvious or apparent" conflict between the vocational expert's testimony and the D.O.T. For example, nothing in the D.O.T. for the job of bench assembler purports to preclude the performance of the job by a person limited to standing/walking for four hours per day. See D.O.T. 706.684-022.

**CONCLUSION**

For all of the foregoing reasons, Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: September 18, 2017.

/S/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE